**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JONATHON RICHARDSON AND BRITTANY RICHARDSON, INDIVIDUALLY AND AS LEGAL HEIRS TO THE ESTATE OF M.B.R., A DECEASED MINOR; AND AS NEXT FRIEND TO B.S.R., A MINOR, | § § § § § § | |
| | § | CIVIL ACTION NO. 2:13-CV-00539 |
| Plaintiffs, | § § | |
| vs. | § § | |
| TOYOTA MOTOR CORPORATION, | § § | |
| Defendant. | § § | |

**DEFENDANT TOYOTA MOTOR CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO CONTINUE THE EXPERT DEADLINES IN THE AGREED DOCKET CONTROL ORDER**

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

COMES NOW Defendant Toyota Motor Corporation (TMC) and files this Response to Plaintiffs' Motion to Continue the Expert Deadlines in the Agreed Docket Control Order (Doc. #32) and would respectfully ask the Court to deny Plaintiffs' Motion for the reasons set forth below.

1.      As set out below and in TMC's Response to Plaintiffs' Motion to Compel Discovery and Request for Expedited Hearing (Doc. #33),[1] TMC has complied with its discovery obligations and provided Plaintiffs with the materials necessary for Plaintiffs' experts to render their opinions.  Further, TMC has not "hampered" Plaintiffs' ability to depose a TMC corporate representative.  On April 22, 2014, TMC provided Plaintiffs with an August 7, 2014 deposition date.  *See* email string attached as **Exhibit 1**.  Plaintiffs accepted that date and issued a notice for the deposition on April 22, 2014. On July 25, 2014, when counsel for TMC emailed counsel for Plaintiffs seeking to confirm the August 7 deposition date, counsel for Plaintiffs informed counsel for TMC that he did not intend to proceed with the deposition of TMC on August 7 as

---

[1]  TMC hereby incorporates all arguments in and evidence attached to TMC's Response to Plaintiffs' Motion to Compel Discovery and Request for Expedited Hearing (Doc. #33) as if fully set forth herein.

previously noticed. It is worth noting that Plaintiffs' stated reason for cancelling the deposition was the absence of **any** TMC documents on which to conduct the deposition. *See* email string attached as **Exhibit 2**.  When counsel for TMC reminded Plaintiffs' counsel that TMC had made a voluminous production of documents related to the vehicle and components at issue with its Additional Disclosures on June 7, 2014, counsel for Plaintiffs then claimed the production was not "sufficient." *Id.*  Plaintiffs have now had sufficient time to digest the materials produced by TMC, to address any discovery concerns, and to depose TMC's Corporate Representative. Therefore, Plaintiffs' Motion to Continue the Expert Deadlines in the Agreed Docket Control Order (Doc. #32) should be denied.

2.      Contrary to Plaintiffs' assertions, TMC has complied with the Court's Agreed Discovery Order (Doc. #22) and has produced information and documents in its possession, custody, and control that are related to the Plaintiffs' pleaded claims and TMC's defenses.   *See* TMC's Response to Plaintiffs' Motion to Compel Discovery and Request for Expedited Hearing (Doc. #33).

3.      While Plaintiffs have filed a Motion to Compel (Doc. #31), Plaintiffs have failed to provide a sufficient basis to support their claims of entitlement to additional unrelated documents—improperly attempting to shift this burden on TMC.  Indeed, Plaintiffs' demands are based on the faulty premise that TMC must produce documents and information irrespective of timeframes ("all testing done"), markets ("any model anywhere in the world'), related defect allegations ("all testing done"), or vehicle models ("any model").   *See* TMC's Response to Plaintiffs' Motion to Compel Discovery and Request for Expedited Hearing (Doc. #33).  Such documents and information is outside of the contemplations of Federal Rule of Civil Procedure 26(b) requirements and exceeds the substantial similarity threshold for relevance and discoverability.  *See* TMC's Response to Plaintiffs' Motion to Compel Discovery and Request for Expedited Hearing (Doc. #33).  In sum, TMC has complied with its disclosure obligations and Plaintiffs' assertions to the contrary are meritless.

4.      Plaintiffs' decision to cancel the scheduled corporate representative deposition should not be a basis for a continuance of Plaintiffs' expert deadline.  On August 7, 2014, the deposition of a TMC Corporate Representative was scheduled to occur but Plaintiffs made a unilateral decision to cancel the deposition, apparently without even a cursory review of the documents TMC produced with its Additional Disclosures.  Moreover, Plaintiffs and their experts have had ample time to analyze TMC's production and to prepare expert reports by the long ago established deadline of September 4, 2014. To suggest their experts cannot render their opinions without documents related to other, dissimilar vehicles and/or the deposition of a TMC witness (which they unilaterally cancelled) is insupportable.

5.      For the reasons presented, Defendant Toyota Motor Corporation respectfully asks the Court to deny Plaintiffs' Motion to Continue the Expert Deadlines in the Agreed Docket Control Order and, for such further relief, both at law and in equity, to which TMC may show itself to be justly entitled.

Respectfully submitted,

*/S/ DAVID P. STONE*
**KURT C. KERN – Lead Counsel**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**TANYA B. SCARBROUGH**
State Bar No. 24049268
tanya.scarbrough@bowmanandbrooke.com
**AMANDA R. MCKINZIE**
State Bar No. 24088028
amanda.mckinzie@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, TX 75201
Telephone: 972.616.1700
Telecopier: 972.616.1701

**ATTORNEYS FOR DEFENDANT
TOYOTA MOTOR CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing document was served on all counsel of record according to the Federal Rules of Civil Procedure on this the 29TH day of August 2014.

/S/ DAVID P. STONE